# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

JAMES CROSS,

    Petitioner,

v.                                                     CASE NO.  4:06cv460-RH/WCS

JAMES McDONOUGH,

    Respondent.

_____/

## ORDER DENYING MOTION TO DISMISS

      Petitioner James Cross challenges his state court conviction by petition for writ of habeas corpus under 28 U.S.C. § 2254.  Respondent has moved to dismiss based on the one-year statute of limitations.  The magistrate judge afforded each side an opportunity to submit evidentiary materials (thus in effect converting the motion to one for summary judgment) and ultimately entered a report and recommendation concluding that the motion should be denied.  No objections have been filed.  I accept the report and recommendation and deny the motion to dismiss, with these additional notes.

      Under the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), a state offender has one year from the time of his state court judgment in which to apply for federal habeas relief. But there is a tolling provision:

> The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(2) (emphasis added).

Mr. Cross filed the instant federal petition within the one-year limitations period if and only if the period was tolled during at least one of two critical periods. The first was during the pendency of case number 1D05-3478. The second derived from motions for rehearing or to recall the mandate in case number 1D06-195. The report and recommendation concludes that the first application (in case number 1D05-3478) was *not* properly filed, but that the motions for rehearing or to recall the mandate in the second of these cases (case number 1D06-195) *did* toll the running of the statute of limitations, thus rendering the instant federal petition timely.

 I accept the report and recommendation based on the latter conclusion. I do not reach the issue of whether the first application was properly filed.

The first application was a petition for writ of habeas corpus that Mr. Cross filed in the Florida First District Court of Appeal. Under Florida procedural law, a petitioner must serve such a petition on both the state attorney general and the

appropriate state attorney.  Mr. Cross served the attorney general.  He now has sworn that he also served the state attorney.  But the certificate of service showed service only on the attorney general, and the First District Court of Appeal ordered Mr. Cross to serve a supplemental certificate of service.  When Mr. Cross failed to do so, the First District dismissed the petition.

The report and recommendation concludes that the petition for writ of habeas corpus was not "properly filed" because of failure to serve the state attorney.  Though Mr. Cross has sworn that he *did* serve the state attorney, the report and recommendation concludes that the First District's determination that he did *not* serve the state attorney precludes reconsideration of that issue in this court.

I do not read the First District's order so broadly.  On my reading, the First District never determined whether Mr. Cross did or did not serve the state attorney.  The First District determined only that the certificate of service omitted any reference to service on the state attorney, that Mr. Cross failed to submit a supplemental certificate of service as ordered (or otherwise to respond to the order), and that dismissal was proper based on Mr. Cross's failure to comply with the order.  Even if the failure properly to serve a petition would render the petition not properly filed, this would not mean that failure to document service in a certificate of service would have the same effect.  And even more clearly, the

failure to comply with an order during the pendency of an otherwise properly filed application for state post-conviction review does not render the application not properly filed. The First District's order dismissing the case thus does not necessarily mean that the application was not properly filed from the outset.

If, in fact, Mr. Cross served the state attorney, the application was properly filed. If Mr. Cross did not serve the state attorney, the issue is more difficult. Still, it is far from clear that a petition that is properly filed in all respects except for service on only one of two state representatives required by the applicable state law should be deemed not properly filed. "Service" and "filing," after all, are different things, as the federal and state rules of civil procedure (and countless cases applying them) explicitly recognize. This issue need not be resolved at this time, because, as set forth in the report and recommendation, the motion to dismiss should be denied anyway.

For these reasons and those set forth in the report and recommendation,

IT IS ORDERED:

The report and recommendation (document 33) is ACCEPTED.

Respondent's motion to dismiss (documents 19 and 20) is DENIED. The matter is remanded to the magistrate judge for further proceedings.

SO ORDERED this 25th day of March, 2008.

s/Robert L. Hinkle  
Chief United States District Judge
